UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GEORGE STONE and ELLEN STONE | * |
| | * |
| Plaintiffs, | * |
| | * |
| versus | * |
| | * |
| ALLSTATE INSURANCE COMPANY and | * |
| DAVID K. KARR, | * |
| | * |
| Defendants. | * |
| | * |

CIVIL ACTION NO. B-03-151

JUDGE Andrew S. Hanen

MAGISTRATE _____

* * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

COMES NOW DEFENDANT, ALLSTATE INSURANCE COMPANY ("Allstate"), a Write-Your-Own ("WYO") carrier participating in the U.S. Government's National Flood Insurance Program (the "NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" - see 42 U.S.C. § 4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] which respectfully represents as follows:

I.

On or about July 31, 2003, Plaintiffs filed a lawsuit styled *"George Stone and Ellen Stone vs. Allstate Insurance Company and David K. Karr"*, bearing case no. 2003-07-3888-C, in the 147th Judicial District Court in and for Cameron County, Texas. See Plaintiffs' Petition, a copy of which is attached hereto as Exhibit 1. Said lawsuit arises from a denial of benefits claimed by the Plaintiffs under their Standard Flood Insurance Policy ("SFIP") issued by and through Allstate Insurance

---

[1] 44 C.F.R. Pt. 62.23(f)

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

Company in its capacity as a Write Your Own ("WYO") Carrier participating in the U.S.
Government's National Flood Insurance Program (the "NFIP"). See Paragraph IV of the Plaintiffs'
Petition. Plaintiffs' SFIP is itself a codified federal regulation, found in its entirety at 44 C.F.R. Part
61, Appendix A-1.

II.

Allstate is authorized to issue the U.S. Government's Standard Flood Insurance Policy (the
"SFIP") pursuant to the "Arrangement" with the Federal Emergency Management Agency
("FEMA"), codified and found at 44 C.F.R. Part 62, App. A. Plaintiffs were issued a SFIP by
Allstate to insure the Plaintiffs' property which has a commonly identified address of 833 Beach,
Laguna Vista, Texas 78578, and that SFIP at issue bears policy numbers 0805442340. The SFIP
is the "only" policy of flood insurance available in a NFIP participating community, so there can be
no dispute that Plaintiff received any other policy. See *Garcia v. Omaha Prop. and Cas. Ins. Co.*,
933 F.Supp 1064, 1070 (S.D.Fla. 1995), *aff'd.* 95 F.3d 58 (11th Cir. 1995); *Jamal v. Travelers,* 97
F.Supp.2d 800 (S.D. Tex., 2000). The SFIP is itself a codified federal law, found in its entirety at
44 C.F.R. Part 61, Appendix A(1), and as such, Allstate respectfully requests this Court to take
judicial notice of its terms and provisions.

III.

Fundamentally, the basis for the instant lawsuit is that the Plaintiffs had a house at 833 Beach,
Laguna Vista, Texas and two smaller buildings on the property (called "casitas" by the Plaintiffs) that
suffered a flood loss. Plaintiffs SFIP provided coverage to the house and the contents located therein,
as well as to the contents of the two "casitas". However, there is a *federal* one-policy-per-building
requirement in the NFIP. Plaintiffs' SFIP provided coverage for the damages to the Plaintiffs' house,

-2-

but it did not provide coverage for the damages to the two "casitas". The claim for damages to the "casitas" under the SFIP was denied by Allstate because there were no SFIPs insuring those buildings.

IV.

Plaintiffs allege that their insurance agent, Mr. Karr, told them that their SFIP would provide coverage for the two "casitas" as well as for the damages to their house. As such, the allegations of the Plaintiffs in their lawsuit against Mr. Karr are all directed at the alleged misrepresentations and erroneous representations purportedly made to them by Mr. Karr, and those claims arise under various Texas statutes.

V.

The last count of the Plaintiffs' lawsuit then seeks to legally impute to Allstate the alleged acts, errors and omissions of Mr. Karr under those same Texas statutes. However, there is a federal regulation directly on point which establishes two things: First, as a matter of federal law, the insurance agent acts for the insured (the Stones) and not the WYO Carrier (Allstate). Second, as a matter of federal law, representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP are void as a matter of federal law. See 44 C.F.R. 61.5(e). Simply put, one cannot evaluate plaintiffs' claim of Allstate's alleged imputed liability without interpreting FEMA's federal design for the working of the NFIP and in particular this federal regulation.

VI.

Additionally, the Texas Department of Insurance has admitted via affidavit that the laws of the State of Texas do not apply to the operation of the NFIP or to WYO Carriers. See *Jamal v. Travelers Lloyds of Texas, et al.,* 97 F.Supp.2d 800, 804-805 (S.D. TX., 2000). See also Exhibit 2

attached hereto which is a copy of the affidavit cited to in *Jamal*.

VII.

Defendant very respectfully submits that based upon the face of the Plaintiffs' pleadings, there are multiple federal questions at issue in this case, and as such there is federal question jurisdiction in this case pursuant to 28 U.S.C. §1331. Therefore the case is properly removable pursuant to 28 U.S.C. §1441.

VIII.

As this Honorable Court is well aware, the Plaintiffs labeling of the "nature" of their claims as a certain kind as being governed by certain laws is not determinative of the issue of whether or not federal jurisdiction applies. As noted by Magistrate Judge Crone of this same Court in *Jamal, supra* at 802-803, the "well-pleaded complaint" rule is not satisfied by a mere cursory review of the assertions made by the Plaintiff. The court should look "beyond the face of the complaint" into the true nature of the claims being asserted: The Court in *Jamal, supra* at 802-803, addressed federal question jurisdiction in the context of the NFIP, and wrote the following it its decision:

> "Under the 'well pleaded complaint' rule, ... a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law." *Id.; see Newton v. Capital Assur. Co.,* 209 F.3d 1302, 1304 (11th Cir.2000). "Courts will, however, typically look beyond the face of the complaint to determine whether removal is proper." *Frank,* 128 F.3d at 922 (citing *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976)); *see Aquafaith Shipping, Ltd. v. Jarillas,* 963 F.2d 806, 808 (5th Cir.), *cert. denied,* 506 U.S. 955, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992). "A federal court may find that a plaintiff's claims arise under federal law even though the plaintiff has not characterized them as federal claims." *Frank,* 128 F.3d at 922 (citing *Aquafaith Shipping, Ltd.,* 963 F.2d at 808; *Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 217 (5th Cir.1988)). "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (citing

-4-

> *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103
> S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *accord Newton,* 209 F.3d at 1304.

As was also noted by the U.S. Fifth Circuit in *Kidd v. Southwest Airlines Co.,* 891 F.2d 540, 542 (5th

Cir.,1990) about federal question jurisdiction pursuant to 28 U.S.C. § 1331:

> Section 1331 provides that "The district courts shall have original jurisdiction
> of all civil actions arising under the Constitution, laws, or treatises of the United
> States." 28 U.S.C. §1331. A case "arises under" federal law when the vindication
> of a right under state law necessarily turns upon some construction of federal law,
> *Franchise Tax Board [v. Const. Laborers Vacation Trust],* 103 S.Ct. [2841] at 2846;
> *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577
> (1921), or when the plaintiff must establish both the correctness and applicability to
> his case of a federal law proposition, in order to secure the relief sought, *Franchise
> Tax Board,* 103 S.Ct. at 2846. Despite these concise statements, the Supreme Court
> has stressed that no one formulation of the "arising under" definition captures all of
> the nuances involved in determining which cases fall within the federal court's original
> jurisdiction. *Merrill Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106
> S.Ct. 3229, 3232, 92 L.Ed.2d 50; *Franchise Tax Board,* 103 S.Ct. at 2846. See
> *Willy,* 855 F.2d 1160, 1165 (5th Cir., 1988).

Defendant will now explain what each of those different federal questions are in support of the instant

notice of removal.

IX.

**Federal Question No. 1 – Who does the insurance agent act for in the NFIP?**

Are FEMA's fiscal agents the principal of (and therefore potentially liable under
Texas state law for) the insurance agent who sells a flood policy through them in light
of 44 C.F.R. 61.5(e)?

X.

Plaintiffs have put at issue the question of "who does the agent act for" as a result of the

pleadings in Paragraph IX of Exhibit 1, which states that "As their insurance agent, Karr owed the

Stones a fiduciary duty" (underlining added by Allstate), and paragraph X of Exhibit 1, which seeks

to hold Allstate liable for the purported acts of Mr. Karr. The instant lawsuit cannot be resolved by

-5-

this Honorable Court, and the liability of Allstate (or lack thereof) cannot be determined without answering the foregoing question, and the answer lies in the analysis of the federal laws, rules and regulations governing the NFIP.  At the forefront of the analysis will be 44 C.F.R. 61.5(e), which provides that the insurance agent acts for the insured (the Stones) and not Allstate.

XI.

**Federal Question No. 2 - Scope of the Insurance Agent's Authority.**

Plaintiffs rely upon state law principles seeking to hold Allstate vicariously liable for the alleged acts and misrepresentations of Mr. Karr in accordance with Texas state law, by alleging that Mr. Karr was Allstate's "recording agent." See Exhibit 1, paragraph X. As recently noted in *Vecellio Ins. Agency Inc. v. Vanguard Underwriters Ins. Co.*, 2003 WL 21197188 *3 (Tex.App - Hous. (1 Dist.): In *Royal Globe Insurance Company v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694 (Tex.1979), the state supreme court held that an insurance carrier may be held vicariously liable for the affirmative misrepresentations by the local "recording agent" regarding the scope of coverage. Again, in *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 98 (Tex.1994), the state supreme court reiterated that "[a]n insurance company is generally liable for any misconduct by an agent that is within the actual or apparent scope of the agent's authority." The supreme court further recognized that such liability would, in fact, be vicarious liability. See *id.*, 885 S.W.2d at 99.

XII.

The liability of Allstate cannot be determined without first determining the "actual or apparent scope of the agent's authority" in the specific context of what the Fifth Circuit calls "this child of Congress"[3], and once again federal regulations will control the outcome of this analysis.  First and

---

[3] *West v. Harris*, 573 F.2d 873, 881 (5th Cir., 1978).

foremost in this analysis would be 44 C.F.R. 61.5(e) as cited to above which establishes as a matter of law that the agent acts for the insured (the Stones), not Allstate, and establishes that representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP are void as a matter of law. Second, there can be no oral binders in the NFIP, and only the Federal Insurance Administrator can issue a written binder. See 44 C.F.R. 61.13(e). Third, no term or requirement of the SFIP can be waived by anyone other than the Federal Insurance Administrator, and such a waiver must be in writing. See 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself. Fourth, federal regulations make clear that Allstate's fiduciary legal duties run in favor of FEMA, not the insured, nor the insured's agent. 44 C.F.R. 62.23(f).

XIII.

**Federal Question No. 3 - Would the Plaintiffs' Alleged Reliance Upon the Acts of Mr. Karr be "Reasonable" or "Justifiable" in Light of Published Federal Laws and Regulations and the Plaintiffs' Duties?**

Plaintiffs also make an "agency by estoppel" argument by arguing that Mr. Karr was Allstate's "ostensible agent." See Exhibit 1, paragraph X. As explained in *McDuff v. Chambers,* 895 S.W.2d 492, *498 (Tex.App. - Waco, March 22, 1995), *rehearing overruled* April 26, 1995: " 'ostensible agency,' also known as agency by estoppel or apparent agency, does not depend upon an express appointment or actual authority but arises from the words, attitude, conduct, and knowledge of the principal, not the agent. *Trahan v. Southland Life Insurance Company,* 155 Tex. 548, 289 S.W.2d 753, 755 (1956); *Prowse v. Whitehurst,* 313 S.W.2d 126, 129-30 (Tex.Civ.App.--San Antonio 1957, writ ref'd n.r.e.). In fact, an ostensible agent is not really an agent at all, but estoppel prevents the 'principal' from denying the agency. *Bugh v. Word,* 424 S.W.2d 274, 276 (Tex.Civ.App.--Austin 1968, writ ref'd n.r.e.). Elements of ostensible agency are: (1) the third party must have a reasonable

belief in the agent's authority; (2) the belief must be generated by some holding out by act or neglect

of the principal; and (3) the third party must justifiably rely on the representation of authority. See

*Nicholson v. Memorial Hosp. System,* 722 S.W.2d 746, 750 (Tex.App.--Houston [14th Dist.] 1986,

writ ref'd n.r.e.) (citing *Ames v. Great Southern Bank,* 672 S.W.2d 447 (Tex.1984))."

## XIV.

In the event the court finds that the Plaintiffs can proceed against Allstate based upon the

alleged actions of Mr. Karr even in light of 44 C.F.R. 61.5(e), the court must then decide if the

Plaintiffs' actions in the instant case were "reasonable" or if the reliance was "justifiable" in

accordance with the allegations the Plaintiffs have made. This too presents a substantial federal

question which must be addressed in order to resolve the Plaintiffs' claims, which in turn gives rise

to federal question jurisdiction. See the recent ruling by the U.S. 5th Circuit in *Richmond Printing*

2003 WL 21697457 (5th Cir.(Tex.)) which found that a Plaintiff could not proceed with a claim

arising from alleged misrepresentations regarding the terms of the SFIP because (1) "the special

nature of the insurance relationship in this case charges the insured with the duty of understanding

the terms of the SFIP so that he may deal appropriately with the government and its appointed

agents." (*Richmond Printing, supra* at *5); and (2) one of the responsibilities of the insured under

an SFIP " is that, given that the insured is doing business with the government and that the terms

of the SFIP are published in the C.F.R., the insured has a duty to read and understand the terms of

its SFIP." *Id.* The Fifth Circuit also noted that, as to the Plaintiffs' allegations that they acted

reasonably upon misrepresentations made to them by an independent adjuster about the terms of

their SFIP and its requirements for a Proof of Loss, "[W]hile RGA and Meyer may have made

statements which contradicted the proof of loss terms of the SFIP, we agree with the *Kerr* court in

-8-

holding that any reliance by Richmond on those statements was unreasonable as a matter of law."
*Richmond Printing, supra* at *6.

### XIV.

Defendant notes the ruling in *Spence v. Omaha Property and Casualty Insurance Company*, 886 F.2d 793 (5th Cir., 1993) at first glance appears to answer questions 1 through 3 raised above. However, please note that FEMA changed the regulation that the Fifth Circuit relied upon in issuing the *Spence* decision, and did so specifically because FEMA disagreed with the result reached by the court. As such, *Spence* has been administratively overruled by FEMA, and therefore *Spence* is now dead-letter because the regulation upon which it was issued was changed in 1997. See the affidavit of James Shortley (the FEMA Director of Claims) which explains the foregoing series of events and the steps taken by FEMA in response to *Spence*, attached hereto as Exhibit 3.

### XV.

**Federal Question No. 4 – the Coverage Issues/Damages Under The SFIP?**

If the Plaintiffs had coverage under a Standard Flood Insurance Policy for the two "casitas" at issue in this lawsuit (see Exhibit 1, paragraph IV), what "econmic damages" (as prayed for in the Prayer following Paragraph X of the Petition) would the Plaintiffs have been entitled to recover under the SFIP for each of the buildings?

Plaintiff must prove their damages as a necessary element of their claims. The only way to answer this question would be to analyze the terms of the SFIP to determine what the Plaintiffs would have been entitled to have received under the terms of the SFIP, had there been coverage. As noted before, the SFIP is itself a codified federal law found at 44 C.F.R. Part 61, Appendix A-1. Answering this question requires interpretation of the SFIP, itself a federal law, and therefore presents a substantial federal question in support of removal.

XVI.

**Federal Question No. 5 – The Applicable Standard of Care / Duties of the Parties**

Did FEMA's fiscal agent breach any applicable standard of care when allegations are that there were misstatements made to them by Mr. Karr that they reasonably relied upon, when the Plaintiffs are charged with knowing the terms of the policy, a duty to familiarize themselves with the terms of the NFIP and the SFIP, and when Plaintiff, Mrs. Stone, is herself a licensed attorney? *Heckler, supra.*

XVII.

To be clear, Allstate is <u>not</u> asserting the defense of preemption in making this argument. As

was recognized in *Stanton v. State Farm*, 2001 WL 1380199 (D.S.D. September 28, 2001), even

where a court finds that preemption does <u>not</u> apply to the operations of the NFIP, it nevertheless

must resort to examination of the applicable federal laws to determine the applicable standard of care

as to the elements of the Plaintiffs' burden of proof. In *Stanton*, the court expressly held that the

NFIP did not preempt state law claims arising out of NFIP claims handling. Nevertheless, the court

looked to federal law to determine the duty and breach aspects of the Plaintiffs' state-law-based tort

claims. In the matter at bar, the claims that the Plaintiffs pretend to present as state law claims cannot

be resolved without resolving federal questions concerning what the actual duty is, and, whether that

applicable duty was indeed breached. *Battle v. Seibels Bruce Insurance Company*, 288 F.3d 596 (4th

Cir.2002).

XVIII.

**Federal Question No. 6 – Is There "Original Exclusive" Jurisdiction?**

Doesn't the Plaintiffs' lawsuit fall within the scope of 42 U.S.C. §4072, such that the courts of the State of Texas have no jurisdiction to decide the instant dispute?

## XIX.

Plaintiffs expressly plead that they had a flood policy, that they suffered a flood loss, and that "Allstate denied coverage." Ex. 1. at paragraph IV.  It is irrefutable that but for the denial of the Plaintiffs' claim this lawsuit would not have been filed.  As is now a matter of settled law, disputes arising out of NFIP claims denials are confined to the "original, exclusive" jurisdiction of the federal courts pursuant to 42 U.S.C. § 4072.  See also Article IX of the SFIP itself; *Van Holt v. Liberty Mutual Ins. Co.,* 163 F.3d 161 at 167 (3rd Cir., 1998) (on panel rehearing); *Hairston v. Travelers,* 232 F.3d 1348 at 1353 (11th Cir. 2000); *Flick v. Liberty Mutual,* 205 F.3d 386 at 390 [FN. 4] (9th Cir. 2000), *cert denied* 531 U.S. 927, 121 S.Ct. 305 (2000); *Gibson v. American Bankers Ins. Co.,* 289 F.3d 943  at 947 (6th Cir. 2002); *McCormick v. Travelers Property and Casualty Ins. Co.,* 86 Cal.App.4th 404,  103 Cal.Rptr.2d 258 (App. 1 Dist., 2001), *review denied* (April 18, 2001); and *Seibels Bruce v. Deville Condominium Assoc.,*786 So.2d 616 (Fla. App. 4/26/2001).

## XX.

Even the U.S. Fifth Circuit's ruling in *Spence v. Omaha Property and Casualty Insurance Company,* 996 F.2d 793 (5th Cir., 1993), which allowed a claim for tortious misrepresentations by an agent in the context of the NFIP to proceed was decided in federal court, not state court.

## XXI.

Allstate additionally notes that its first knowledge or notice of the suit was on or about August 6, 2003 when a courtesy copy of the lawsuit was provided to counsel for Defendant, a copy of which is attached hereto as part of Exhibit 1.   Formal service has not yet been effected upon Allstate, but this Notice of Removal, made within thirty days of the date the agent, David Karr, was served (being August 1, 2003), is timely.

-11-

### XXII.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit 4 is a complete copy of all process, pleadings, and orders served by or upon the Defendant in these proceedings to date as maintained by the Clerk of Court for 147th Judicial District Court.

### XXIII.

Attached hereto as Exhibit 5 is a letter from David Karr's attorney and a letter from Allstate's attorney handling the claims under the homeowner's insurance policy issued by Allstate consenting to the removal of this matter from state court to federal court. As such, all Defendants have consented to the removal of this matter from state court.

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that proceedings attached hereto be removed from the 147th Judicial District Court in and for Cameron County, Texas to this Honorable Court's docket on the grounds of federal question jurisdiction and also pursuant to 42 U.S.C. § 4072.

Respectfully submitted,

NIELSEN LAW FIRM, L.L.C.

GERALD J. NIELSEN
So. Dist. of Texas Federal I.D. No. 26474
La. State Bar. No. 17078
2121 Airline Highway, Suite 200
Metairie, Louisiana 70001
Telephone (504) 837-2500
Facsimile (504) 832-9165
Counsel for Defendant Allstate
Insurance Company for the Standard Flood
Insurance Policy

-12-

## C E R T I F I C A T E

I hereby certify that a copy of the above and Notice of Removal has been served on all counsel of record by depositing same in the United States Mail, postage pre-paid and properly addressed as indicated below at Metairie, Louisiana, this ___ 2 7 ___ day of August, 2003.

Michael R. Cowen
Law Offices of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
Attorney for Plaintiff

Todd Hunter, Esq.
Leslie Megin Koch, Esq.
HUNTER & HANDEL, P.C.
555 N. Carancahua,
Suite 1600, Tower 2
Corpus Christi, TX 78478
Attorneys for David Karr

Larry Goldman
Adami, Goldman & Shuffield
9311 San Pedro, Suite 900
San Antonio, TX 78216
Attorney for Allstate (Homeowner's Policy)

GERALD J. NIELSEN

-13-

**EXHIBIT "1"**

FILED ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 3 1 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE AND ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| AND DAVID K. KARR | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs George and Ellen Stone file this their Plaintiffs' Original Petition, complaining of

Allstate Insurance Company and David K. Karr.

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiffs are individuals residing in Cameron County, Texas.

Defendant Allstate Insurance Company is an insurance company that can be served through

its attorney for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 78201.

Defendant David Karr is an individual residing in Cameron County, Texas. He may served

at 934 West Price Road, Brownsville, Texas 78520.

### III.

### VENUE

proper in Cameron County bec . . . . . this

because all or a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the county.

## IV.

## FACTS

David Karr is an insurance agent with his office in Brownsville, Cameron County, Texas. He is a recording agent for Allstate Insurance Company. In the alternative, if he was not Allstate's express agent, he was Allstate's ostensible agent.

George and Ellen Stone own a home in Laguna Vista, Texas. On the same property as their house, they have two outbuildings, which they call "casitas."

Karr was the Stones' insurance agent. He sold them homeowners and flood insurance. Karr knew of the casitas' existence, and knew that the Stones wanted to insure the casitas. Karr represented to the Stones that the Casitas were covered under their flood and homeowners insurance. However, unbeknownst to the Stones, the Allstate insurance policies he sold to them actually did not cover the casitas. Karr did not inform them that the casitas were not covered, or that they had to take any additional action or purchase additional insurance to cover the casitas.

In October of 2002, the casitas were flooded due to major rains. In November 2002, George Stone contacted Karr and made a claim. Karr assured him that the casitas were covered under his flood insurance policy. However, Allstate denied coverage, stating that there was no coverage under the policy.

George and Ellen Stone have had no insurance coverage to pay for the damage to the casitas. They have also suffered mental anguish.

## V.

## FIRST CAUSE OF ACTION

### ARTICLE 21.21

Insurance Code in the following respects:

1.    Karr misrepresented the terms, benefits, and advantages of the insurance policy, in violation of Section 4(1);

2.    Karr made untrue statements of material fact, in violation of Section 4(11)(a);

3.    Karr failed to state material facts necessary to make his other statements not misleading, in violation of Section 4(11)(b);

4.    Karr made a material misstatement of law, in violation of Section 4(11)(d).

These violations caused Plaintiffs' to suffer damages in that they did not get the insurance coverage they thought they had procured, in that they had to retain an attorney and incur attorney's fees and court costs, and in that they have suffered mental anguish. Further, Karr committed these acts knowingly; thus, Plaintiffs are entitled to additional damages pursuant to Texas Insurance Code Article 21.21, Section 16(b)(1).

## VI.

## SECOND CAUSE OF ACTION

## DTPA

Karr's omissions and misrepresentations violated the Texas Deceptive Trade Practices Act in the following respects:

1.    Karr represented that the insurance policies had characteristics and benefits that they did not have, in violation of Texas Business and Commerce Code Section 17.46(b)(5);

2.    Karr represented that the insurance policies conferred rights and remedies that they did not have, in violation of Texas Business and Commerce Code Section 17.46(b)(12);

3.    Karr's conduct violated Article 21.21 of the Texas Insurance Code which is also

17.50(a)(4).

Karr's knowingly committed these violations; therefore, Plaintiffs are also entitled to mental anguish and additional damages pursuant to Texas Business and Commerce Code Section 17.50(b)(1).

## VII.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

Karr was negligent in the following respects:

1.    In failing to procure coverage for the casitas;

2.    In failing to inform the Stones of the need for additional coverage for the casitas;

3.    In failing to inform the Stones that the casitas were not covered; and

4.    In falsely representing to the Stones that the casitas were covered.

Each of these acts of negligence proximately caused damages, including the damage to the casitas for which there is no insurance coverage and mental anguish.

## VIII.

### FOURTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

Karr negligently misrepresented to the Stones that their insurance policies covered the casitas. The Stones reasonably relied upon Karr's misrepresentations. As a direct and proximate result of Karr's misrepresentations, the Stones suffered economic damages and mental anguish.

## IX.

### FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

As their insurance agent, Karr owed the Stones a fiduciary duty. He breached that fiduciary duty in the following respects:

2.    In failing to inform the Stones of the need for additional coverage for the casitas;

3.    In failing to inform the Stones that the casitas were not covered; and

4.    In falsely representing to the Stones that the casitas were covered.

Each of these breaches caused Plaintiffs to suffer damages.

## X.

## AGENCY

Allstate is liable for Karr's acts and omissions because he was their recording agent, which makes him their actual agent. In the alternative, he was their ostensible agent.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation be issued and Defendants be served, and that judgment be entered against Defendants, jointly and severally, for their economic damages, mental anguish, additional damages under the DTPA and Article 21.21 of the Insurance Code, attorneys' fees, court costs, prejudgment interest, and postjudgment interest.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, TX 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

By:

Michael R. Cowen
Texas Bar No. 00795306

**EXHIBIT "2"**

## AFFIDAVIT OF LARRY DUNBAR

STATE OF TEXAS §

COUNTY OF TRAVIS §

Before me, the undersigned notary, on this day, personally appeared Larry Dunbar, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1. "My name is Larry Dunbar. I am of sound mind and capable of making this Affidavit. I have personal knowledge of the facts stated in this Affidavit, and they are true and correct.

2. I am the Manager of the Homeowners Division of the Texas Department of Insurance. In this capacity, I am familiar with the standard Texas homeowners policies prescribed by the Texas Department of Insurance ("TDI"). As part of my job duties, I commonly deal with the TDI's regulation of the standard Texas homeowner's policies and the insurance carriers issuing those policies. I am familiar with the TDI's regulation of this industry.

3. As the Manager of the Homeowners Division, I am also knowledgeable as to whether the TDI would regulate a Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance Program or an insurer issuing a SFIP. I am aware that the TDI does not regulate the SFIP under the National Flood Insurance Program. Further, in my job capacity, I know that the TDI takes the position that the TDI does not have jurisdiction over an insurer issuing a SFIP under the National Flood Insurance Program. Further, I am aware that it is the TDI's position that the provisions of the Texas Insurance Code do not apply to an insurer issuing a SFIP under the National Flood Insurance Program."

FURTHER, AFFIANT SAYETH NOT.

_____
Larry Dunbar

SUBSCRIBED AND SWORN TO before me by Larry Dunbar on this 25TH day of February, 2000 to certify with witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

My Commission Expires:

_1-20-2001_

AFFIDAVIT OF LARRY DUNBAR – Solo Page
Doc ID WILLS-496304
0364-0450

JAMES M. NIXON
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-20-2001

**EXHIBIT "3"**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALAN COHEN and JANE COHEN,                 *
                                           *
                Plaintiffs,                *
                                           *
        v.                                 *  CASE NO.: CV 99-4835 AHM (BQRx)
                                           *
STATE FARM FIRE AND CASUALTY               *
CO., et al.                                *
                                           *
                Defendants.                *

## DECLARATION OF JAMES S. P. SHORTLEY

I, James S. P. Shortley, state as follows:

1.      I am the Director of Claims of the Federal Insurance Administration ("FIA"),
a directorate within the Federal Emergency Management Agency ("FEMA"). In that
capacity I have been authorized by the Administrator of the FIA to administer claims for the
direct side of the National Flood Insurance Program ("NFIP") and advise Write-Your-Own
("WYO") insurance companies on the proper interpretation of the Standard Flood Insurance
Policy ("SFIP"). I also am responsible for recommending to the Administrator whether a
claim is grounded in actions of the WYO company that are significantly outside the scope of
the Arrangement between FEMA and the WYO company, found at 44 C.F.R. Part 62,
Appendix A.

2.      The FIA promulgates the SFIP as authorized and directed by the National
Flood Insurance Act, 42 U.S.C. § 4001 et seq. By regulation, all flood insurance issued
under the NFIP is subject to Federal statute and regulations and the terms and conditions of
the Standard Flood Insurance Policy. 44 C.F.R. § 61.4. As stated in that regulation, the
SFIP is subject to interpretation by the FIA Administrator as to the scope of coverage in

accordance with the applicable statutes and regulations.

3.     Through the WYO program, the same SFIP sold by the Federal government also is sold by participating private insurance companies. Premiums collected by the WYO companies are sent by the WYO company to the National Flood Insurance Fund, after deductions for expenses and a small reservation of funds to be applied to claims.

4.     The FIA administers the National Flood Insurance Fund, which is maintained in the United States Treasury. The fund is used to pay claims on both the direct and WYO sides of the program, and to pay various programmatic expenses. The WYO company is in a fiduciary relationship with the United States and acts as a fiscal agent (but not general agent) for FEMA in accordance with 42 U.S.C.§ 4071.

5.     In accordance with the Arrangement, FEMA pays the judgments, if any, and attorneys fees for claims that proceed to litigation against the WYO company. The general rule is set forth in the Arrangement, Article III (D)(2), which states: "Loss payments include payments as a result of litigation which arises under the scope of this Arrangement, and the Authorities set forth above." FEMA does not pay for claims against the WYO company that are determined to be grounded in actions by the Company that are significantly outside the scope of this Arrangement, as set forth in Article III (D)(4). This determination requires several steps. First FEMA's Office of the General Counsel ("OGC") reviews the notice of a claim submitted by the company to determine whether "the claim is grounded in actions by the Company that are outside the scope of the Arrangement, the National Flood Insurance Act, and 44 CFR chapter 1, subchapter B, and/or involve issues of insurer/agent negligence as discussed in Article IX of this Arrangement." If OGC's determination is affirmative, OGC then recommends to the FIA

whether the actions are _significantly_ outside the scope of the Arrangement. The FIA then determines whether the actions are significantly outside the scope of the Arrangement, and if it so determines, advises the company that payment of any claim or judgment will not come from the National Flood Insurance Fund.

6.    Article IX of the Arrangement is significant in several respects. First, under that provision the company is not responsible for "inadvertent delay, error, or omission made in connection with any transaction under this Arrangement." The FIA means by this that the WYO company is not liable and is not itself responsible for payment of claims arising out of delay, error, or omission in the sale or marketing of the Standard Flood Insurance Policy. The FIA amended both Articles III(D)(4) and IX in 1997. Part of the reason the FIA changed these provisions was to remove any doubt that the situation where a company is alleged to have misrepresented coverage or some other policy provision will be included in the scope of the Arrangement. In other words, the FIA determined that it did not agree with the result reached by the Fifth Circuit Court of Appeals in _Spence v. Omaha Indemnity Insurance Co._, 996 F.2d 793 (5th Cir. 1993). Article IX excepts from this broad scope of inclusion the situation where the company fails to include a mortgagee as co-payee on a claim payment in violation of the policy. In that circumstance, or when it is determined that the claim against the WYO company is grounded in actions significantly outside the scope of the Arrangement, the company must pay the claim from its own funds. Actions that are determined to be significantly outside the scope of the Arrangement include such things as forgery or agent liability for agent error, which should be covered by the agent's errors and omissions coverage. This also is consistent with FEMA's regulations, which state that the insurance agent is the

agent for the insured and not FEMA or the servicing agent, or by implication, the WYO company.

7.      Claims against the WYO company, such as the one raised in the captioned case, do not involve the sale of the policy, but rather turn on the interpretation of the policy.  The FIA did not intend Article IX to be implicated in this question, but rather intends that payment will be made for any judgment, as well as fees, from the National Flood Insurance Fund, as long as the actions of the company are not substantially outside the scope of the Arrangement.  The FIA meant by this that judgments will be paid if the company is sued over its interpretation or application of a provision of the policy.  In the captioned case, this means that if Plaintiffs obtained a judgment for liability based on the five specific allegations, a-e, in Paragraph 30 of the Complaint, that such judgment, as well as fees, will be paid from the National Flood Insurance Fund.

8.      The regulations provide that the WYO company is not a general agent of the Federal government and are responsible for their obligations to their insureds.  In other words, insureds under policies sold by the WYO company do not sue the Federal government directly.  The National Flood Insurance Act also provides that the FIA is authorized to use fiscal agents to further its mission to administer the National Flood Insurance Program.  The WYO companies are the FIA's fiscal agents, because they collect and distribute Federal funds and have a fiduciary responsibility to use those funds properly.

9.      The FIA does not contemplate state-based tort claims to be brought against the WYO companies for activities arising out of the Standard Flood Insurance Policy or the statute and regulations on coverage.  One of the problems with the Spence

decision, referenced earlier, is that it misconstrued the FIA's intentions. The FIA has never taken the position that an agent or broker is indemnified from the National Flood Insurance Fund; the crucial distinction is that the agent or broker is not a fiscal agent and has not entered into any type of relationship with FEMA regarding the National Flood Insurance Program. On the other hand, the WYO company has entered into the Arrangement and is not an agent or broker.

In accordance with 28 U.S.C. § 1746, I hereby declare and affirm under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and belief.

Signed this 30th day of September, 1999.

James S. P. Shortley
Director of Claims, FIA

**EXHIBIT "4"**

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.004.01

No. 2003-07-003888-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAVID K. KARR
    934 WEST PRICE ROAD
    BROWNSVILLE, TEXAS 78520


the       DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said ____ PETITION ____ was filed on ___ JULY 31, 2003 ___. A copy of same accompanies this citation.

The file number of said suit being No. 2003-07-003888-C.

The style of the case is:

GEORGE STONE AND ELLEN STONE
VS.
ALLSTATE INSURANCE COMPANY AND DAVID K. KARR

Said petition was filed in said court by ____ MICHAEL R. COWEN
(Attorney for         PLAINTIFF        ), whose address is
520 E. LEVEE STREET BROWNSVILLE, TX. 78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of ___ JULY ___, A.D. 2003.

AURORA DE LA GARZA      DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville. Texas 78___

By: _____ Deputy

FILED __8 : __W__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

JUL 3 1 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. _2003-07-3888-C_

| | | |
|---|---|---|
| GEORGE STONE AND ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| AND DAVID K. KARR | § | |
| | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs George and Ellen Stone file this their Plaintiffs' Original Petition, complaining of

Allstate Insurance Company and David K. Karr.

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiffs are individuals residing in Cameron County, Texas.

Defendant Allstate Insurance Company is an insurance company that can be served through

its attorney for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 78201.

Defendant David Karr is an individual residing in Cameron County, Texas. He may served

at 934 West Price Road, Brownsville, Texas 78520.

### III.

### VENUE

proper in Cameron County bec

because all or a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the county.

## IV.

## FACTS

David Karr is an insurance agent with his office in Brownsville, Cameron County, Texas. He is a recording agent for Allstate Insurance Company. In the alternative, if he was not Allstate's express agent, he was Allstate's ostensible agent.

George and Ellen Stone own a home in Laguna Vista, Texas. On the same property as their house, they have two outbuildings, which they call "casitas."

Karr was the Stones' insurance agent. He sold them homeowners and flood insurance. Karr knew of the casitas' existence, and knew that the Stones wanted to insure the casitas. Karr represented to the Stones that the Casitas were covered under their flood and homeowners insurance. However, unbeknownst to the Stones, the Allstate insurance policies he sold to them actually did not cover the casitas. Karr did not inform them that the casitas were not covered, or that they had to take any additional action or purchase additional insurance to cover the casitas.

In October of 2002, the casitas were flooded due to major rains. In November 2002, George Stone contacted Karr and made a claim. Karr assured him that the casitas were covered under his flood insurance policy. However, Allstate denied coverage, stating that there was no coverage under the policy.

George and Ellen Stone have had no insurance coverage to pay for the damage to the casitas. They have also suffered mental anguish.

## V.

## FIRST CAUSE OF ACTION

## ARTICLE 21.21

Insurance Code in the following respects:

1.  Karr misrepresented the terms, benefits, and advantages of the insurance policy, in violation of Section 4(1);

2.  Karr made untrue statements of material fact, in violation of Section 4(11)(a);

3.  Karr failed to state material facts necessary to make his other statements not misleading, in violation of Section 4(11)(b);

4.  Karr made a material misstatement of law, in violation of Section 4(11)(d).

These violations caused Plaintiffs' to suffer damages in that they did not get the insurance coverage they thought they had procured, in that they had to retain an attorney and incur attorney's fees and court costs, and in that they have suffered mental anguish. Further, Karr committed these acts knowingly; thus, Plaintiffs are entitled to additional damages pursuant to Texas Insurance Code Article 21.21, Section 16(b)(1).

## VI.

## SECOND CAUSE OF ACTION

## DTPA

Karr's omissions and misrepresentations violated the Texas Deceptive Trade Practices Act in the following respects:

1.  Karr represented that the insurance policies had characteristics and benefits that they did not have, in violation of Texas Business and Commerce Code Section 17.46(b)(5);

2.  Karr represented that the insurance policies conferred rights and remedies that they did not have, in violation of Texas Business and Commerce Code Section 17.46(b)(12);

3.  Karr's conduct violated Article 21.21 of the Texas Insurance Code which is the

17.50(a)(4).

Karr's knowingly committed these violations; therefore, Plaintiffs are also entitled to mental anguish and additional damages pursuant to Texas Business and Commerce Code Section 17.50(b)(1).

## VII.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

Karr was negligent in the following respects:

1.    In failing to procure coverage for the casitas;

2.    In failing to inform the Stones of the need for additional coverage for the casitas;

3.    In failing to inform the Stones that the casitas were not covered; and

4.    In falsely representing to the Stones that the casitas were covered.

Each of these acts of negligence proximately caused damages, including the damage to the casitas for which there is no insurance coverage and mental anguish.

## VIII.

### FOURTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

Karr negligently misrepresented to the Stones that their insurance policies covered the casitas. The Stones reasonably relied upon Karr's misrepresentations. As a direct and proximate result of Karr's misrepresentations, the Stones suffered economic damages and mental anguish.

## IX.

### FIFTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

As their insurance agent, Karr owed the Stones a fiduciary duty. He breached that fiduciary duty in the following respects:

2.    In failing to inform the Stones of the need for additional coverage for the casitas;

3.    In failing to inform the Stones that the casitas were not covered; and

4.    In falsely representing to the Stones that the casitas were covered.

Each of these breaches caused Plaintiffs to suffer damages.

## X.

## AGENCY

Allstate is liable for Karr's acts and omissions because he was their recording agent, which makes him their actual agent. In the alternative, he was their ostensible agent.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation be issued and Defendants be served, and that judgment be entered against Defendants, jointly and severally, for their economic damages, mental anguish, additional damages under the DTPA and Article 21.21 of the Insurance Code, attorneys' fees, court costs, prejudgment interest, and postjudgment interest.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, TX 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

By: _____

Michael R. Cowen
Texas Bar No. 00795306

# RETURN OF OFFICER

:ame to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

:xecuted (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

:pon which I endorsed the date of delivery, together with the accompanying copy

f the _____

:ause of failure to execute this citation is: _____

_____

EES serving 1 copy

otal....... $_____

ees paid by: _____

Sheriff/constable _____ County, TEXAS

By _____ Deputy

DELIVERED THIS _____ DAY OF _____

BY _____

PROFESSIONAL CIVIL PROCESS

h:/ljg/231001237
LJG/sjj

CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| and DAVID K. KARR | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant, ALLSTATE INSURANCE COMPANY, and without waiving any of its defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that it may now have or may arise in the future, files this Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendant hereby exercises its right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

II. .

Defendant generally denies the matters pled by Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and asks that these matters be properly decided by this Honorable Court and Jury.

III.

Further answering, Defendant, ALLSTATE INSURANCE COMPANY, asserts affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original Petition.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
        LARRY J. GOLDMAN
        State Bar No. 08093450
ATTORNEY FOR DEFENDANT,
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 26th day of _August_, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

_____
LARRY J. GOLDMAN

## VERIFICATION

STATE OF TEXAS       §
                          §
COUNTY OF BEXAR    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE INSURANCE COMPANY, Defendant in the above-entitled and numbered cause; that he has read the above Defendant's Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME, on this the 15th day of August, 2003, to certify which witness my hand and official seal.

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS

h:/ljg/231001237/jury demand
LJG/sjj

CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| and DAVID K. KARR | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, ALLSTATE INSURANCE COMPANY, and respectfully requests that this case be tried in front of a jury and herewith tenders the $30.00 jury fee.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD, INC.
The Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450
ATTORNEY FOR DEFENDANT,
ALLSTATE INSURANCE COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 26th day of _August_____, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

_____
LARRY J. GOLDMAN

h:/ljg/231001237/jury demand
LJG/sjj

## CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| and DAVID K. KARR | § | CAMERON COUNTY, TEXAS |

### DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, ALLSTATE INSURANCE COMPANY, and respectfully

requests that this case be tried in front of a jury and herewith tenders the $30.00 jury fee.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD, INC.
The Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450
ATTORNEY FOR DEFENDANT,
ALLSTATE INSURANCE COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded
to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this
26th day of _August_, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

_____
LARRY J. GOLDMAN

h:/ljg/231001237
LJG/sjj

CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| and DAVID K. KARR | § | CAMERON COUNTY, TEXAS |

## **DEFENDANT'S ORIGINAL ANSWER**

NOW COMES Defendant, ALLSTATE INSURANCE COMPANY, and without waiving any of its defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that it may now have or may arise in the future, files this Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendant hereby exercises its right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

II.

Defendant generally denies the matters pled by Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and asks that these matters be properly decided by this Honorable Court and Jury.

III.

Further answering, Defendant, ALLSTATE INSURANCE COMPANY, asserts affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original Petition.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450
ATTORNEY FOR DEFENDANT,
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 26th day of ____August____, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

_____
LARRY J. GOLDMAN

## VERIFICATION

STATE OF TEXAS            §
                         §
COUNTY OF BEXAR          §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE INSURANCE COMPANY, Defendant in the above-entitled and numbered cause; that he has read the above Defendant's Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant

    SUBSCRIBED AND SWORN TO BEFORE ME, on this the 15th day of August, 2003, to certify which witness my hand and official seal.

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS

CAUSE NO. 2003-07-3888-C

| | | |
|---|---|---|
| GEORGE STONE AND ELLEN STONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| AND DAVID K. KARR | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT DAVID K. KARR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, David K. Karr, and files this its Original Answer in reply to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

Defendant David K. Karr denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with Rule 92 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, David K. Karr, prays that Plaintiffs take nothing by their cause of action and that Defendant go henceforth without delay with its costs of court and for such other and further relief, both general and special, at law or in equity, for which Defendant may be justly entitled and for which Defendant shall forever pray.

Respectfully submitted,

HUNTER & HANDEL
A Professional Corporation
555 N. Carancahua, Suite 1600, Tower II
Corpus Christi, Texas 78478
Telephone:   361-884-8777
Telefax:      361-884-1628

By: _____
Todd A. Hunter
State Bar No. 10302300

Leslie Megin Koch
State Bar No. 00794109

ATTORNEYS FOR DEFENDANT,
DAVID K. KARR

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on counsel as indicated below on this the __2 1__ day of August, 2003, in accordance with the Texas Rules of Civil Procedure.

Michael R. Cowen
Attorney at Law
520 East Levee Street
Brownsville, Texas 78520

_____
Todd A. Hunter

**EXHIBIT "5"**

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD

INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J. GOLDMAN*
E. WAYNE SHUFFIELD
ROBERT P. SCHRIMING
DOUGLAS E. PENNEBAKER
MARTIN J. PHIPPS
R. SCOTT WESTLUND
THOMAS M. FURLOW

*BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO, TEXAS 78216
TELEPHONE: (210) 344-0500
TELECOPY: (210) 344-7228

WILLIAM N. ALLAN, IV
KEVIN S. BAKER
MICHELLE M. COPELAND
CURTIS P. COTE
JEANIE DRUDDY CUPIT
DON W. DOYLE
CHRISTOPHER M. HARRELL
HUGH R. JONS, JR.
LERANNA GAINER MASK
BRETT A. PRUIT
CARLOS E. SOLIS
REGINA B. TREVINO

WEBSITE: www.agslaw.com

August 26, 2003

Mr. Thomas C. Pennebaker
NIELSON LAW FIRM
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001

RE:    Cause No. 2003-07-3888-C; George Stone and Ellen Stone v. Allstate Insurance Company and David K. Karr, In the 197th Judicial District Court of Cameron County, Texas. Our File No. 23100.1237

Dear Mr. Pennebaker:

Please be advised that you have my consent to remove this case to federal court.

Very truly yours,

Larry J. Goldman

LJG/sjj
/v/ljg/231001237/nielson.ltr

# NIELSEN LAW FIRM, L.L.C.

*GERALD J. NIELSEN*

*THOMAS C. PENNEBAKER*
*JOHN D. CARTER*
*WILLIAM T. TREAS*
*ALLEN D. RINCANNON*
*KIM HUONG A. TRAN*

2121 AIRLINE DRIVE
SUITE 200
METAIRIE, LOUISIANA 70001

PHONE (504) 837-2500
FAX (504) 832-9165
E-MAIL: GJNielsen@aol.com

August 21, 2003

**VIA TELEFAX**

Leslie Megin Koch, Esq.
HUNTER & HANDEL, P.C.
555 N. Carancahua,
Suite 1600, Tower 2
Corpus Christi, TX 78478

Re:   *In re: George & Ellen Stone*
      Our File No.: 1.05.32

Dear Megin:

It was a pleasure to speak with you today. As we discussed, Allstate is going to remove this matter from state court to federal court, and your client has consented to the removal. I ask you to sign this letter confirming the consent to the removal and fax it back to me. My fax number is (504) 832-9165.

Thank you for your time and attention to this matter. If you have any questions or concerns, please feel free to call me.

Respectfully yours,

*Chris*

Thomas C. Pennebaker

TCP/tls

By my signature below, I confirm the consent to the removal of this matter from state court to federal court of the co-defendant David Karr.

Leslie Megin Koch, Esq.
Counsel for David Karr

h:/ljg/231001237/counsel of record
8/28/03/DEP/fah

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

GEORGE STONE and ELLEN STONE    §
       §
VS.                              §
       §
ALLSTATE INSURANCE COMPANY and    §
DAVID K. KARR               §

CASE NUMBER **B-03-151**
                     JURY

## COUNSEL OF RECORD

| **PARTY** | **ATTORNEY** |
|---|---|
| Plaintiffs<br>George Stone and Ellen Stone | Mr. Michael R. Cowen<br>State Bar No. 00795306<br>MICHAEL R. COWEN, P.C.<br>520 E. Levee Street<br>Brownsville, Texas 78520<br>Telephone: (956) 541-4981<br>Telecopier: (956) 504-3674 |
| Defendant<br>Allstate Insurance Company | Larry J. Goldman<br>Adami Goldman & Shuffield<br>9311 San Pedro, Suite 900<br>San Antonio, Texas 78216<br>Telephone: (210) 344-0500<br>Telecopier: (210) 344-7228 |
| Defendant Allstate Insurance Company<br>For Standard Flood Insurance Policy | Gerald J. Nielsen<br>Nielsen Law Firm, LLC<br>2121 Airline Highway, Suite 200<br>Metairie, Louisiana 70001<br>Telephone: (504) 837-2500<br>Telecopier: (504) 832-9165 |
| Defendant David Karr | Hunter & Handel, PC<br>Todd Hunter<br>Leslie Megin Koch<br>555 N. Carancahua<br>Suite 1600, Tower 2<br>Corpus Christi, TX 78478 |

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
          LARRY J. GOLDMAN
          "Attorney in Charge"
          Federal Bar No. 341
          State Bar No.  08093450
          DOUGLAS E. PENNEBAKER
          Federal Bar No. 23238
          State Bar No. 00788178

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S COMPANY

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _____ day of August, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

Gerald J. Nielsen
Nielsen Law Firm, LLC
2121 Airline Highway, Suite 200
Metairie, Louisiana 70001
Telephone:    (504) 837-2500
Telecopier:    (504) 832-9165

Hunter & Handel, PC
Todd Hunter
Leslie Megin Koch
555 N. Carancahua
Suite 1600, Tower 2
Corpus Christi, TX 78478

LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

h:/ljg/231001237/index
8/28/03/DEP/fah

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

GEORGE STONE and ELLEN STONE    §
     §
VS.      §     CASE NUMBER **B - 03 - 151**
     §                  JURY
ALLSTATE INSURANCE COMPANY and    §
DAVID K. KARR      §

### INDEX OF MATTERS BEING FILED

1.    Index of Matters Being Filed

2.    Civil Cover Sheet – JS 44

3.    Supplement to JS 44 Civil Cover Sheet

4.    Notice of Removal of Action Under 28 U.S.C. §1441(a)
     Exhibit 1      Plaintiffs' Original Petition
     Exhibit 2      Affidavit of Larry Dunbar
     Exhibit 3      Affidavit of James P. Shortley
     Exhibit 4
         • Citation
         • Plaintiffs' Original Petition;
         • Defendant Allstate Insurance Company's Original Answer;
         • Defendant Allstate's Jury Demand.
         • Original Answer of Defendant David K. Karr
     Exhibit 5      Correspondence from counsel approving removal.

5.    List of All Counsel of Record

6.    Notice of Related Litigation and Affected Non-Parties

7.    Certificate of Service of Notice to Adverse Party of Removal to Federal Court

8.    Designation of Attorney in Charge

9.    Notice of Entities Financially Interested in Litigation



Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____

     LARRY J. GOLDMAN
     "Attorney in Charge"
     Federal Bar No. 341
     State Bar No. 08093450
     DOUGLAS E. PENNEBAKER
     Federal Bar No. 23238
     State Bar No. 00788178

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S COMPANY

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _____ day of August, 2003:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas  78520

Gerald J. Nielsen
Nielsen Law Firm, LLC
2121 Airline Highway, Suite 200
Metairie, Louisiana 70001
Telephone:    (504) 837-2500
Telecopier:    (504) 832-9165

Hunter & Handel, PC
Todd Hunter
Leslie Megin Koch
555 N. Carancahua
Suite 1600, Tower 2
Corpus Christi, TX 78478

LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER