*9*

H:/LJG/231001237.case management
11/24/03/DEP/fah

United States District Court
Southern District of Texas
FILED

DEC 0 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § § | |
| VS. | § § | CASE NUMBER B03-151 |
| ALLSTATE INSURANCE COMPANY and DAVID K. KARR | § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   RESPONSE: Pursuant to Rule 26(f), counsel for all parties have communicated in writing in order to submit their "proposed" Joint Discovery/Case Management Plan, and communicated via conference on November 25, 2003 to discuss the scheduling order, possibilities of a prompt settlement and resolution, and discovery deadlines. Larry J. Goldman is lead counsel for the Defendant Allstate Insurance Company, with Gerard Nielsen from the Nielsen Law Firm also representing Allstate. Michael Cowen is counsel for the Plaintiffs. Megin Koch is counsel for Defendant. During the conference, Douglas E. Pennebaker represented counsel for Defendant Allstate; Michael Cowen represented the Plaintiffs.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   RESPONSE: This case was removed to this Court; the state court proceeding was Cause No. 2003-07-3888-C; George Stone and Ellen Stone v. Allstate Insurance Company and David K. Karr; In the 197th Judicial District Court of Cameron County, Texas.

3. Briefly describe what this case is about.

   RESPONSE:

   Plaintiffs, George Stone and Ellen Stone, filed suit against Allstate asserting various contractual and extra-contractual causes of action arising out of their Standard Flood Insurance Policy. Plaintiffs claim that the two outbuildings (called "casitas") were flooded due to major rains.

   Plaintiffs also allege that David Karr negligently misrepresented that the casitas would be covered by the Standard Flood Insurance Policy.

Defendant Allstate contends that Plaintiffs' claims are not covered under their homeowners policy and/or their Standard Flood Insurance Policy, and/or dispute the cause and extent of damages claimed. Allstate also denies that there were any misrepresentations made to the Plaintiffs by anyone (including the insurance agent). There is a one-policy per building requirement in the National Flood Insurance Program. Plaintiffs had three buildings but only purchased one Standard Flood Insurance Policy. The Standard Flood Insurance Policy is itself a codified federal law found at 44 C.F.R. part 61, Appendix A-1, and all persons are charged with having knowledge of the published federal laws, rules and regulations. Furthermore, as per the controlling federal laws, rules and regulations, the insurance agent acts for the insured, and the Write Your Own Carrier (Allstate) acts for FEMA. Only federal law controls the operation of the National Flood Insurance Program (see the National Flood Insurance Act of 1968, as amended – 42 U.S.C. 4001 *et. seq.*). Federal law preempts state law as to the National Flood Insurance Program.

Defendant Karr denies any liability to the Plaintiffs for any of their alleged damages and denies any misrepresentation.

4. Specify the allegation of federal jurisdiction

   RESPONSE: 42 U.S.C. § 4072 and 28 U.S.C. 1331.

5. Name the parties who disagree and the reasons.

   RESPONSE: This matter involves the operation of the U. S. Government's National Flood Insurance Program. Pursuant to 42 U.S.C. § 4072, "original exclusive" jurisdiction lies solely with the United States District Courts in which the insured property is located at the time of the loss. Additionally, because the Standard Flood Insurance Policy is itself a codified federal law (found at 44 C.F.R. Part 61, Appendix A-1), and because federal law rules and regulations (including those found in 44 C.F.R. part 59, *et seq.* and 42 U.S.C. § 4001 et seq.) will have to be examined to reach a resolution of the questions presented in this lawsuit, there is also federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   RESPONSE: None at this time.

7. List anticipated interventions.

   RESPONSE: None at this time.

8. Describe class-action issues.

      RESPONSE: Not applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      RESPONSE: The parties agree to provide this information in accordance with the time requirements of Federal Rule of Civil Procedure 26. Allstate submitted its Rule 26 Disclosures on September 16, 2003 and supplemented them on November 25, 2003.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

      RESPONSE: The parties intend to propound written discovery and take depositions. The parties are unaware of any need for changes to the limitations on discovery provided by the Federal Rules.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

      RESPONSE: Plaintiffs anticipate sending interrogatories to Defendant by December 30, 2003.

    C. When and to whom the defendant anticipates it may send interrogatories.

      RESPONSE: Defendant Allstate sent interrogatories to Plaintiffs on September 16, 2003. Defendant may send further discovery to the Plaintiffs.

Defendant Karr anticipates sending Interrogatories and additional discovery to Plaintiffs by December 31, 2003.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

      RESPONSE: Plaintiffs may take the oral depositions of Allstate's claims handlers and experts before the agreed upon discovery deadline. Plaintiff will also depose David Karr and possibly other persons from his agency.

    E. Of whom and by when the defendant anticipates taking oral depositions.

      RESPONSE: Defendant Allstate anticipates taking the depositions of the Plaintiff and their experts in accordance with the Court's Scheduling Order.

Defendant Karr anticipates taking the depositions of the Plaintiffs and their experts in accordance with the Court's Scheduling Order.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

    RESPONSE: Plaintiffs will be able to designate its experts on or before the 60th day prior to the agreed upon discovery deadline. If additional experts are designated by Defendant, Defendant agrees to designate such experts on or before the 30th day prior to the agreed upon discovery deadline.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    RESPONSE: Plaintiffs anticipate taking the oral depositions of Defendant's experts on or before the agreed upon discovery deadline.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    RESPONSE: Defendant Allstate anticipates taking the oral depositions of Plaintiffs' experts on or before the agreed upon discovery deadline.

    Defendant Karr anticipates taking the oral depositions of Plaintiffs' on or before the agreed discovery deadline.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    RESPONSE: N/A.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    RESPONSE: Defendant Allstate propounded interrogatories, requests for production, and requests for disclosures to Plaintiffs in September 2003. However, Defendant has not received Plaintiffs objections or answers to date.

    Defendant Karr anticipates sending Requests for Production, Requests for Admissions, Requests for Disclosure and Interrogatories to Plaintiffs by December 31, 2003.

13. State the date the planned discovery can reasonably be completed.

    RESPONSE: Defendant would state that discovery could reasonably be completed by September 30, 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

       RESPONSE: The parties are agreeable to mediate this case prior to trial.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    RESPONSE: The parties are agreeable to mediate this case prior to trial.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case

    RESPONSE: The parties would state that mediation is the agreed upon ADR technique, and should be used after initial discovery is completed and after depositions are taken.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    RESPONSE: The parties do not agree to trial before a magistrate at this time.

18. State whether a jury demand has been made and if it was made on time.

    RESPONSE: A jury demand has been made on time in this case. However, Allstate may file a Motion to Quash the Jury Demand of the Plaintiffs as to any issue involving the National Flood Insurance Program as federal law does not allow for jury trials.

19. Specify the number of hours it will take to present the evidence in this case.

    RESPONSE: The parties anticipate the trial of this matter will take approximately 30-40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    RESPONSE: None at this time.

21. List other motions pending.

    RESPONSE: None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    RESPONSE: This matter involves FEMA's laws, rules and regulations, which may result in delays in discovery.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments

RESPONSE: Defendant Allstate filed its Disclosure of Interested Parties on September 16, 2003.

Defendant Karr has filed its Disclosure of Interested Parties on November 25, 2003.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

RESPONSE:

Plaintiff:
Mr. Michael R. Cowen
State Bar No. 00795306
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520
Telephone:    (956) 541-4981
Telecopier:    (956) 504-3674

Defendant, Allstate Texas Lloyds:
LARRY J. GOLDMAN
"Attorney in Charge"
Fed. I.D. No. 341
State Bar No. 08093450
Douglas E. Pennebaker
State Bar No. 00788178
Federal Bar No. 23238
ADAMI, GOLDMAN & SHUFFIELD, INC.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

COUNSEL FOR DEFENDANT ALLSTATE regarding standard flood policy
Gerald Nielsen
S. District of Texas Bar No. 26474
NIELSEN LAW FIRM
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
Telephone: (504) 837-2500.
Telecopier: 504-832-9165

- 7 -

Defendant: David Carr
Hunter & Handel, P. C.
Ms. Megin Koch
555 N. Carancahua, Suite 1600, Tower II
Corpus Chisti, TX 78478
361-884-8777
361-884-1628

_[signature]_

Mr. Michael R. Cowen
Counsel for Plaintiffs

Larry J. Goldman
Douglas E. Pennebaker
Counsel for Defendant Allstate

Date _November 26, 2003_

Date _____

Megin Koch
Counsel for Defendant David Karr

Gerald Nielson
Counsel for Defendant Allstate

Date _____

Date _____

_____  
Mr. Michael R. Cowen  
Counsel for Plaintiffs

_____  
Larry J. Goldman  
Douglas E. Pennebaker  
Counsel for Defendant Allstate

Date _____

Date  //-26-03

_____  
Megin Koch  
Counsel for Defendant David Karr

_____  
Gerald Nielson  
Counsel for Defendant Allstate

Date _____

Date _____

Defendant: David Karr
Hunter & Handel, P.C.
Ms. Megin Koch
555 N. Carancahua, Suite 1600, Tower II
Corpus Christi, TX 78478
361-884-8777
361-884-1628

_____                    _____
Mr. Michael R. Cowen                         Larry J. Goldman
Counsel for Plaintiffs                       Douglas E. Pennebaker
                                             Counsel for Defendant Allstate

Date _____                Date _____


*[signature]*
_____                    _____
Megin Koch                                   Gerald Nielson
Counsel for Defendant David Karr             Counsel for Defendant Allstate

Date November 26, 2003                       Date _____

_____  _____
Mr. Michael R. Cowen             Larry J. Goldman
Counsel for Plaintiffs           Douglas E. Pennebaker
                                 Counsel for Defendant Allstate

Date _____      Date _____


_____  _____/s/ Gerald Nielsen_____
Megin Koch                       Gerald Nielsen
Counsel for Defendant David Karr Counsel for Defendant Allstate

Date _____      Date __11/26/2003__

-7-