13

h:/ljg/231001237/answer.amend.1.doc
12/17/03/CPC/iye

United States District Court
Southern District of Texas
FILED

DEC 3 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GEORGE STONE and ELLEN STONE | § | |
| | § | |
| VS. | § | CASE NUMBER B03-151 |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| and DAVID K. KARR | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, ALLSTATE INSURANCE COMPANY ("Allstate"), in its capacity as a Write-Your-Own ("WYO") carrier participating in the U.S. Government's National Flood Insurance Program (the "NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" - see 42 U.S.C. § 4001 *et seq*.), and appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2] Further, ALLSTATE, without waiving any of its defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses under the Plaintiffs' homeowners insurance policy that they may now have or may arise in the future, files this, First Amended Answer to Plaintiff's Petition, and would show the Court as follows:

**I.**

## DISCOVERY CONTROL PLAN

1.    This matter is now pending in federal court, and as such, the laws of the State of Texas regarding controlling of discovery in a state court proceeding are inapplicable.

---

[1] 44 C.F.R. Pt. 62.23(f)

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

## II.
## PARTIES

2.      Defendant denies that the Plaintiffs are individuals residing in Cameron County, Texas for lack of sufficient information or knowledge to justify a belief therein.

3.      Allstate Insurance Company admits that it is an insurance company doing business in the State of Texas, however, it is appearing in its capacity as a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). Any remaining allegations as to Allstate are denied for lack of sufficient information or knowledge to justify a belief therein.

4.      The allegations contained in paragraph II regarding co-defendant, David Karr, are denied for lack of sufficient information or knowledge to justify a belief therein.

## III.
## VENUE

5.      The allegations contained in paragraph III of the Plaintiffs' Petition are denied. Pursuant to 42 U.S.C. § 4072, the United States District Court that encompasses the insured property at the time of the loss has "original exclusive" jurisdiction over the Plaintiffs' claims. There is also federal question jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper in the United States District Court for the Southern District of Texas.

## IV.

6.      Defendant hereby exercise their right to require Plaintiff to prove his allegations by a preponderance of the credible evidence.

## V.

7.     Defendant specifically denies that Plaintiff is entitled to the relief requested in Plaintiff's most recent petition in the above reference case, and asks that these matters be properly decided by this Honorable Court and Jury.

8.     Specifically, Defendant addresses each of the Plaintiff's allegations as follows:

A.     The allegations contained in paragraph IV of the Plaintiffs' Petition regarding David Karr being an insurance agent in the State of Texas are admitted upon information and belief.  Defendant admits upon information and belief that Mr. Karr was the Plaintiffs' insurance agent that placed the Standard Flood Insurance Policy with Allstate.  Any remaining allegations regarding David Karr are denied for lack of sufficient information or knowledge to justify a belief therein.  *See* 44 C.F.R. Pt. 61.5(e).

The allegations contained in paragraph IV of the Plaintiffs' Petition regarding the Plaintiffs, George and Ellen Stone, are admitted upon information and belief with regard to Plaintiffs owning a home in Laguna Vista, Texas.  Upon information and belief, Defendant admits that there are also two small "casitas" on the property, but those buildings are not insured under the Plaintiffs' Standard Flood Insurance Policy.  Allstate also admits that it denied coverage under the Standard Flood Insurance Policy for the damages to the two "casitas" allegedly caused by the flood.  Any remaining allegations contained in this paragraph are denied for lack of sufficient information or knowledge to justify a belief therein.

Answering further, the Standard Flood Insurance Policy is itself a codified federal law, found in its entirety at 44 C.F.R. Pt. 61, App. A-1, There is a one policy per building requirement in the NFIP and as reflected in the Standard Flood Insurance Policy terms, and Plaintiffs have an affirmative duty to know the terms of their Standard Flood Insurance Policy. Furthermore, post-loss representations to the insureds by Mr. Karr would not have caused the Plaintiffs any damages.  State law based claims are preempted and barred by federal law.  Personal damages are not recoverable in the NFIP, and the insurance agent acts as the agent of the Plaintiffs, not Allstate. See 44 C.F.R. Part 61.5(e).

Any remaining allegations in paragraph IV of the Plaintiffs' Petition are denied for lack of sufficient information or knowledge to justify a belief therein.

B.     The allegations contained in paragraph V of the Plaintiffs' Petition, including subparts 1 through 4 thereto, are denied for lack of sufficient information or knowledge to justify a belief therein. All state law based extra-contractual claims are preempted and barred as a matter of federal statutory, regulatory, and Constitutional law.  Furthermore, the State of Texas has admitted that the Texas

Insurance Code does not govern the operation of the U.S. Government's National Flood Insurance Program or the WYO carriers participating in the program via affidavit from a representative of the Texas Department of Insurance.

C.    The allegations contained in paragraph VI of the Plaintiffs' Petition, including subparts 1 through 3 thereto, are denied for lack of sufficient information or knowledge to justify a belief therein.

D.    The allegations contained in paragraph VII of the Plaintiffs' Petition, including subparts 1 through 4 thereto, are denied for lack of sufficient information or knowledge to justify a belief therein.

E.    The allegations contained in paragraph VIII of the Plaintiffs' Petition are denied for lack of sufficient information or knowledge to justify a belief therein.

F.    The allegations contained in paragraph IX of the Plaintiffs' Petition, including subparts 1 through 4 thereto, are denied for lack of sufficient information or knowledge to justify a belief therein.

G.    The allegations contained in paragraph X of the Plaintiffs' Petition are denied. See 44 C.F.R. Pt. 61.5(e).

9.    Defendant denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relieve following paragraph X of the Plaintiffs' Petition.

## VI.
## AFFIRMATIVE DEFENSES

10.    Defendant, ALLSTATE, asserts affirmatively that Plaintiff has not complied with the terms and policies of either the standard flood insurance or homeowners insurance polices in question and has not complied with the conditions precedent to bringing this suit pertaining to the policies of insurance mentioned in Plaintiff's Original Petition.

11.    Without waiving the generality of the foregoing, by way of affirmative defenses, if such be necessary, Defendant show the following:

### FIRST DEFENSE

12.    The Plaintiffs Petition fails to state a claim for which this Honorable Court may grant relief.

4

## SECOND DEFENSE

13.    All state law based extra-contractual claims are preempted and barred by federal statutory, regulatory, and Constitutional law.  See also Article V(A) of the Standard Flood Insurance Policy.

## THIRD DEFENSE

14.    The Appropriations and Supremacy Clauses of the U.S. Constitution, and the separation of powers doctrine, prohibit the Plaintiffs from receiving any additional U.S. Treasury funds.

## FOURTH DEFENSE

15.    As a matter of federal law, representations regarding the extent and scope of coverage which are inconsistent with the terms of the Standard Flood Insurance Policy are void as a matter of federal law.   Furthermore, as a matter of federal law, the insurance agent acts as the agent of the insured, not Allstate. See 44 C.F.R. Pt. 61.5(e).

## FIFTH DEFENSE

16.    There are no oral binders in the National Flood Insurance Program.  44 C.F.R. Pt. 61.13(e).

## SIXTH DEFENSE

17.    No part, provision or requirement of the Standard Flood Insurance Policy can be waived, altered or amended by Allstate.  Only the Federal Insurance Administrator may issue such a waiver, and it must be in writing.  See 44 C.F.R. Pt. 61.13(d) and Article VII(D) of the SFIP itself.  No evidence of such a waiver which would allow the Plaintiffs to recover any additional amounts has been produced to Allstate.

### SEVENTH DEFENSE

18.     The Standard Flood Insurance Policy is itself codified federal law found in its entirety at 44 C.F.R. Pt. 61, App. A-1 (2002 edition). All persons are charged with knowledge of the published federal laws, rules, and regulations.

### EIGHTH DEFENSE

19.     There is a one policy per building requirement in the NFIP. (For example, see 44 C.F.R. Pt. 61, App. A-1, Article II, Definitions of "Policy" and "Dwelling.") See also Article III coverage A of the standard flood insurance policy.

### NINTH DEFENSE

20.     There is no timely submitted signed and sworn Proof of Loss in support of any of the damages sought by the Plaintiffs in this matter. See Article VII(J) of the Standard Flood Insurance Policy.

### TENTH DEFENSE

21.     Articles V(A), V(D) and Articles 5(C) of the Standard Flood Insurance Policy excludes coverage for many of the items of damages sought by the Plaintiffs. Defendant also pleads Article IV, sections (6), (8), (9), and (14), of the SFIP as Affirmative Defenses.

### ELEVENTH DEFENSE

22.     If there has been a material misrepresentation of fact in the presenting of this claim or in the application for the policy or renewal of the policy, the Standard Flood Insurance Policy is void as a matter of federal law. See Article VII(B) of the SFIP.

### TWELFTH DEFENSE

23.     No premium was paid by the Plaintiffs to insure the two "casitas." As such, there can be no recovery by the Plaintiffs. See the "Agreement" found in Article I of the policy.

6

## THIRTEENTH DEFENSE

24.     Plaintiffs failed to document the loss as required by Article VII(J)(3) of the Standard Flood Insurance Policy.

## FOURTEENTH DEFENSE

25.     The independent adjuster is provided as a courtesy only to the insured.  It is the responsibility of the insured to submit a Proof of Loss that meet the requirements of the Standard Flood Insurance Policy.   See Article VII(J)(5) through (8) of the Standard Flood Insurance Policy.

## FIFTEENTH DEFENSE

26.     Plaintiffs have not complied with "all" of the terms of the policy.   As such, Plaintiffs may not bring a lawsuit against Allstate.   See Article VII(R) of the Standard Flood Insurance Policy.

## SIXTEENTH DEFENSE

27.     Only federal law governs the operation of the National Flood Insurance Program. See Article IX of the SFIP.   The state of Texas has admitted via affidavit from the Texas Department of Insurance that the Texas Insurance Code and the laws of the State of Texas do not govern the operation of the National Flood Insurance Program.

## SEVENTEENTH DEFENSE

28.     Defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under Defendant's logo.  Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated

by the Federal Insurance Administration and the Federal Emergency Management Agency. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority.

## EIGHTEENTH DEFENSE

29.    The question of whether the Plaintiffs are entitled to anything, and if so how much, is strictly  governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the Standard Flood Insurance Policy which is set forth at 44 C.F.R. Part 61, App. A-1, together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself.

## NINETEENTH DEFENSE

30.    The SFIP in question in this lawsuit was written by the United States Government (not this Defendant), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A-1 (2002 edition).  As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP.  Accordingly, any of the Plaintiffs' allegations premised upon state law provisions, including but not limited to the prayer for mental anguish and attorney's fees, are completely preempted, unfounded and inapplicable.

## TWENTIETH DEFENSE

31.    Plaintiffs failed to mitigate their damages, and Allstate is entitled to a credit for the Plaintiffs' percentage of fault in this matter.

## TWENTY-FIRST DEFENSE

32.     Plaintiffs executed a non-waiver in favor of Allstate in this matter.  No actions Allstate takes can constitute a waiver of its rights.  See 44 C.F.R. Pt. 61, App. A-1, Article VII(R).

## TWENTY-SECOND DEFENSE

33.     There are no jury trials allowed in the National Flood Insurance Program.

## TWENTY-THIRD DEFENSE

34.     All, of in the alternative, a portion of the damages claimed by Plaintiffs are excluded under the Form HO-B insurance policy.  Specifically, the HO-B policy of insurance under which this lawsuit is brought excludes coverage as follows:

> "f.     We do not cover loss caused by:  (1)  inherent vice, wear and tear, deterioration or any quality of the property that causes it to damage or destroy itself....
> h.     We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage or expansion of foundation, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.
>
> We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the policy if the loss would otherwise be covered under this policy.
>
> k.     We do not cover loss caused by earthquake, landslide, or earth movement."

## TWENTY-FOURTH DEFENSE

35.     Some or all of the damages now claimed by Plaintiffs were pre-existing conditions not covered by the policies, and as a result, Defendant is not responsible for such pre-existing damages. Defendant is only responsible for covered losses occurring within its policy period.

### TWENTY-FIFTH DEFENSE

36.    Defendant is not responsible for any condition not resulting from a covered peril in this case. As set forth in paragraph A above, the damages were not covered by a covered peril.

37.    Any actual damages sustained by Plaintiffs, which is denied, must be limited by the amounts set forth in the policy limitations provisions of their homeowner's policy.

### TWENTY-SIXTH DEFENSE

38.    Defendant seeks all credits and offsets to which it is entitled under the laws of the State of Texas, and including but not limited to the payments made by Defendant for Plaintiffs for repairs of the plumbing leaks and other incidental damages.

### TWENTY-SEVENTH DEFENSE

39.    Pleading in the alternative, only, and without waiving the foregoing, Defendant states that any failure to comply with the contractual provisions of the policies of insurance is excused by the actions of Plaintiffs and/or Plaintiffs' agents.

### TWENTY-EIGHTH DEFENSE

40.    Defendant had a reasonable basis for each of its coverage decisions in this case.

### TWENTY-NINTH DEFENSE

41.    Defendant states that any award of punitive or exemplary damages as claimed by Plaintiffs would be arbitrary, unreasonable, excessive, and in violation of Defendant's right to due process of law, equal protection of the law, and guarantee against double jeopardy under the 5th and 14th Amendments of the United States Constitution and Article I, Sections 13 and 19 of the Texas Constitution. No punitive damages should be imposed in this case unless the Plaintiffs are able to prove a case for such by clear and convincing evidence or beyond a reasonable doubt. *See* also <u>State Farm v. Campbell</u>, 123 S. Ct. 1513 (2003).

## THIRTIETH DEFENSE

42.    Defendant shows that Plaintiff's pleadings in this case and current Texas case law for determining the amount of any potential award of punitive damages is unconstitutionally vague under the due process clause of the United States and Texas Constitutions. Current Texas law does not give a jury adequate standards by which to determine an amount of punitive damages..

## THIRTY-FIRST DEFENSE

43.    Defendant states that mental anguish damages are not recoverable for violations of the DTPA and Texas Insurance Code absent a finding of a knowing violation. Defendant denies any violation of any statutory or common law duty and also denies that any such violation was knowingly committed.

## THIRTY-SECOND DEFENSE

44.    Defendant contends that all conditions have not been met as alleged by Plaintiffs. Specifically, the condition of a covered loss is not present in this case. Defendant states that all covered losses have been paid.

## THIRTY-THIRD DEFENSE

45.    In the alternative, and without waiving the foregoing, Defendant states that the alleged damage to subject residence, if any, was the result of concurrent causes, and that Defendant is only liable for that portion of the damages covered by the policy and occurring during the policy period.

## THIRTY-FOURTH DEFENSE

46.     Defendant contends that Plaintiffs failed to mitigate their damages, if any, and that Defendant is not responsible for any damages which could have been avoided through the exercise of reasonable diligence on the part of the Plaintiffs.

## THIRTY-FIFTH DEFENSE

47.     Defendant contends that some or all of the damages occurred outside the policy period.

## THIRTY-SIXTH DEFENSE

48.     Defendant specially pleads the limitation provision of § 41.001 et seq. of the Texas Civil Practice & Remedies Code setting a limitation of award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
        LARRY J. GOLDMAN
        "Attorney in Charge"
        State Bar No.  08093450
        Federal Bar No.  341
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        Federal Bar No. 23238

GERALD J. NIELSEN
NIELSEN LAW FIRM, L.L.C.
2121 Airline Highway, Suite 200
Metairie, Louisiana 70001
Telephone (504) 837-2500
Facsimile (504) 832-9165
La. State Bar. No. 17078
Federal I.D. No. 26474

ATTORNEYS FOR DEFENDANT
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 23rd day of _December_, 2003:

*via facsimile (956) 504-3674*
Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
520 E. Levee Street
Brownsville, Texas 78520

*via facsimile (361) 884-1628*
Ms. Megin Koch
HUNTER & HANDEL
555 N. Carancahua, Suite 1600, Tower II
Corpus Christi, TX 78478

LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared DOUGLAS E. PENNEBAKER, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE INSURANCE COMPANY, Defendant in the above-entitled and numbered cause; that he has read the above Defendant's First Amended Answer; and that the allegations contained therein is within his personal knowledge and is true and correct.

_____
DOUGLAS E. PENNEBAKER, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME, on this the 23rd day of December, 2003, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

C. SUZANNE THATCHER
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
MARCH 4, 2006

14